UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MARIO CALDERON and JENNIFER ROCIO,
individually and on behalf of all others
similarly situated,

                  Plaintiffs,

        -against-                               20 civ 1296 (CM)

CLEARVIEW AI, INC., and
CDW GOVERNMENT LLC,

                  Defendants.

------------------------------------------------------------X

MARIA BROCCOLINO, on behalf of herself
and all others similarly situated,

                  Plaintiff,

        -against-                               20 civ. 2222 (CM)

CLEARVIEW AI, INC.,

                  Defendant.

------------------------------------------------------------X

## DIRECTIVE

McMahon, C.J.:

    The court has received a motion in the Calderon case, seeking the appointment of counsel for the Calderon plaintiffs as interim lead counsel for the class.

    There is a second, related case that is also before the court.

    It is not at all clear to me that these cases belong in this court. They arise under an Illinois statute, the Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* They are brought on behalf of a class of persons who, while residing in the State of Illinois, had certain "biometrics" (notably, photographs of their faces, which they had uploaded onto various social media sites) "scraped" by Defendants and used without their consent in violation of the Illinois statute. While it is possible that some members of the putative class no longer reside in Illinois, it is beyond

cavil that the Illinois statute applies only to Illinois residents and that the vast majority of class members presently reside in that state. Moreover, one of the defendants in the Calderon case is an Illinois citizen.

Defendants have made no motions as yet, but this court would certainly have to consider seriously any motion that might be made to transfer the case – whether on venue grounds or under the principles outlined in 28 U.S.C. §§ 1404 and 1406, or under the doctrine of *forum non conveniens* – to either the Northern or Southern District of Illinois. Until it is clear that no such motion will be made, it would be unseemly for this court to begin managing a case that may very well end up being litigated elsewhere.

Nor is it obvious to this court why any "lead plaintiff's counsel" is necessary. There are only two related cases pending before me. Should this New York court end up being the place where this Illinois statute gets interpreted, and where alleged violations of Illinois law are litigated, my inclination would be to consolidate the two cases and allow the three law firms involved for the plaintiffs to divide the laboring oar, on the understanding that I would not be paying three, or even two, sets of lawyers to appear and do the work of one at any conference, hearing, deposition, or other event. This is not a securities fraud class action; I am not constrained by the Private Securities Litigation Reform Act; I simply have two related but identical class actions in front of me, as to which attorneys' fees will be parceled out eventually (should plaintiffs prevail) as though it were a single case.

I thus decline to take any action on the "lead plaintiff's counsel" motion filed in Calderon until I have entertained any motions addressed to the complaints that may be filed by the defendants. In that regard, the cases shall be consolidated, and a single motion shall be filed under each docket number, addressed to the pleadings as they have been filed. The allegations against the common defendant (Clearview) are in all relevant respects identical; there is no need for separate motions in the two cases. The parties are free to set their own schedule, subject to the court's veto – and my veto will likely be to accelerate the filing of motions, not to defer it. You have ten business days to get me a motion schedule.

Dated: April 14, 2020

_____
Chief Judge

BY ECF TO ALL COUNSEL